Trahan vs. Simon.

No. 12,998.

PAULA TRAHAN VS. JOSEPHINE SIMON, TUTRIX, ADMINISTRATRIX, ET AL.

SYLLABUS.

The real property of a succession having been sold for the purpose of paying debts of the deceased, a single legatee is without interest to institute suit for the revocation of the sale on the ground that same was made to a person interposed for the administrator of the estate, if the purchase price has been paid in cash, the amount of the appraisement in the inventory bid. and the proceeds yielded are insufficient to pay the indebtedness of the deceased.

ON APPEAL from the Nineteenth Judicial District Court for the Parish of Iberia. *Voorhies, J.*

*L. L. Bourges* for Plaintiff and Appellant.

*Foster & Broussard* for Defendant and Appellee.

Argued and submitted January 12, 1899.
Opinion handed down February 6, 1899.
Rehearing refused March 7, 1899.

The opinion of the court was delivered by

WATKINS, J. This suit is brought by the plaintiff in her own right, and as the wife of Robert N. Bush, who joins her for the purpose of aiding and authorizing her, alleging that by the will of Pierre Abadie, deceased, she was instituted a residuary legatee of an undivided one-half of all the property he owned at his death, both real and personal; and that, at the death of the testator, in 1882, he left, amongst other property, the following, viz.:

Two certain improved city lots in Iberia, having a front of ninety-six (96) feet front on Julia street, by a depth of one hundred and fifty-two (152) feet, valued at $4,000.

Also, movable property valued at $350; and outstanding in favor of the deceased—who was a physician—accounts valued at $1,742—and all of which are particularly described in an inventory of the estate of the deceased.

That by virtue of said legacy, she became the owner of one undivided one-half of said property immediately after the death of the testator, and should have been put in possession immediately after the will was probated, as she had been formally recognized as legatee by an order of court.

That, instead of so doing, Charles Clerc, Sr., in his capacity of administrator of said succession, caused said real estate and movable property, also, to be advertised for sale on the 7th of August, 1882, and caused a pretended sale thereof to be made, to Etienne Clerc, for the sum of $2,120; and, on the 12th of February, 1893, only six months afterward, said pretended adjudicatee reconveyed same to Charles Clerc, Sr., for the sum of $2,000, on terms of credit; and her averment is, "that both of these sales are simulations."

That the pretended adjudicatee and purchaser were brothers, and that the former was only a person interposed to take title for the latter, who, being administrator of the estate, was in law incapacitated

to buy the property belonging thereto; and that the said purchaser was "unable to pay $2,120 cash, and then sell for $2,000 on twelve months' credit."

That said transaction was not a sale, but an attempt to deprive petitioner of her rights, and consequently null and void.

She claims further, that Charles Clerc, in his capacity of administrator of the succession of Pierre Abadie, is indebted unto her in the just and full sum of $871, on the ground that he failed to collect the aforesaid accounts, or show that it was impossible to collect them—said claims amounting to $1,742, one-half of which belonged to petitioner as legatee of Pierre Abadie. She avers that said claims were good, valid and collectible at the time of the testator's death.

She further avers, that Pierre Abadie owed no debts at the time of his death; and that Charles Clerc is justly indebted unto her in the further sum of $2,000 for the rent of the aforesaid property from the 7th of August, 1882, at the rate of $125 *per annum*.

The prayer of petitioner is, that defendants be condemned to pay her the sums above enumerated, and that she be recognized as owner in fee simple of the aforesaid property—without any demand being made for the annulment or recision of the sale as either simulated or fraudulent.

*In limine* the defendant, by counsel, filed a motion to compel plaintiff to elect whether her action was a revocatory action, or one in nullity; and she thereupon elected to declare same an action for the nullity of the sales mentioned.

Defendants then filed a peremptory exception of no cause of action and no right of action.

The defendants for answer deny that said property was acquired through fraud or through an interposed party; and aver that same was sold for cash, at public auction, in pursuance of an order of court to pay debts of the estate of Abadie; and that the proceeds thereof were distributed on the administrator's account.

That said estate was hopelessly insolvent, the debts thereof amounting to a large sum over and above the value of its assets; and that the plaintiff was not entitled to have any legacy left her paid, until the debts of the deceased had been first satisfied.

The principal defendant further avers that her husband having become the *bona fide* and lawful purchaser of said property for value at the time, long after the administrator's final account had been filed

.and homologated, and he had been discharged from his trust, and the affairs of the succession had been wound up, the plaintiff is barred and estopped from attacking same, or asserting her ownership thereof.

She denies any responsibility or liability to the plaintiff for, or on account of said claims and accounts of the deceased, for the reason that same were worthless and uncollectible after diligent efforts had been made to realize upon them.

She further avers that the plaintiff has no standing in court to have the nullity of said sale decreed, because she did not tender back, nor offer to restore the amount of the purchase price paid for the property, and which was employed in the payment of debts of the succession, of which she claims to be a legatee.

In the alternative, the defendants set up a reconventional demand for the cost of betterments, taxes and insurance expended, aggregating the sum of three thousand dollars.

Upon the foregoing issues, the case was tried and a judgment rendered in favor of the defendants, rejecting the plaintiff's demand, and from that judgment, the latter has appealed.

In this court, the defendants and appellees, by counsel, appear and answer the appeal, and pray that the judgment of the lower court be affirmed, and that the sum of fifty dollars be awarded for a frivolous appeal.

From the evidence it appears, that Abadie died in 1882, leaving a will and some property, and particularly that described in the petition —the whole of the testator's estate being donated to two legatees, one of whom is the plaintiff.

The appraisement of the real estate which is described in the inventory, is $1,800, that of the movable effects is $326.50, and the rights and credits $1,645; the whole aggregating $3,771.50.

The testator was a physician.

The real estate was sold for cash, under an order of court to pay debts, on the 7th of August, 1882; and the price bid therefor was the full amount of the appraisement in the inventory.

The tableau of debts of the deceased shows, that the amount of his indebtedness on open account was $704.87; and that the privileged charges against the estate aggregated $469.43. In addition to this he owed two notes of $600 each, payable respectively at twelve and eighteen months, to the order of Charles Clerc, and they were secured

by mortgage—the whole indebtedness aggregating the sum of $2,374.30.

This tableau was duly homologated by a judgment of the court, and the administrator was ordered to pay the debts enumerated upon same.

The evidence shows, that the open accounts due the deceased for medical attention and services were valueless and uncollectible—thus rendering the succession insolvent.

Consequently, in any view that can be taken of the matter, the plaintiff, asserting only the claim of a legatee, discloses no interest to be subserved by this suit; for, if the sale complained of as being a fraudulent simulation were annulled and the property restored to the succession, nothing could be accomplished thereby.

She would be compelled to restore the purchase price before she would be entitled to dispossess the vendee and purchaser at the succession sale.

She is, also, confronted with the defendant's reconventional demand of $3,000, expended in taxes, insurance, etc., since their purchases were made.

The sale having been made for cash which has been expended in the payment of debts by the administrator, in conformity with an order of court, cannot be treated as a simulation.

On the face of the papers the facts are against the plaintiff, as they show that Etienne Clerc bought for $1,800, and sold for $2,000, making a clear profit of $200 on the transaction.

At the time of the sale to Etienne Clerc, Charles Clerc was the mortgage creditor of the deceased, Abadie, to the extent of about $1,400, and after the sale this mortgage was cancelled.

The judge a quo entertained the opinion that the plaintiff's demand was unfounded and we concur in his conclusion.

The plaintiff having prosecuted only a devolutive appeal from the judgment rendered, a case of damages for a frivolous appeal is not made out.

Judgment affirmed.